IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GRANITE RE, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELEERS SOLUTIONS, LLC; PHILIP DELEERS; and JANET DELEERS, <br><br> Defendants. | Case No. CV-24-44-BU-BMM <br><br> **ORDER** |

Before the Court is Plaintiff Granite Re, Inc.'s Motion for Default Judgment. (Doc. 19). Defendants have not appeared in this matter. For the following reasons, default judgment is appropriate.

## **BACKGROUND**

Granite Re alleges claims for breach of contract and specific performance against Defendants based on their alleged failure to perform their obligations under a General Agreement of Indemnity ("GAI"). Granite Re now seeks a default judgment against Defendants for a sum certain in the total amount of $147,869.80. (Doc. 15 at 2-3).

1

Defendants entered into the GAI "in consideration for the execution of the Bond" by Granite Re in connection with DeLeers Solutions' construction services. (Doc. 1 at 3-4, 5, 7). A claim was subsequently made against the Bond by the general contractor on the associated construction project. (*Id.* at 4). Granite Re was required to pay that claim and incur related expenses. (*Id.* at 4-5). Granite Re calculates the total of the claim, fees, and costs at $147,869.80. (Doc. 15 at 2-3). Under the GAI, Defendants "agreed to defend, indemnify, save, and hold Granite harmless from and against any and all claims, demands, liabilities, losses, costs, and charges, including attorneys' fees, whether sustained or incurred by Granite by reason of becoming surety for the Contractor." (Doc. 1 at 3). Granite Re sent a demand letter to Defendants on March 13, 2024, demanding indemnification. (*Id.* at 4). Granite Re never received the requested payment. (*Id.*).

Granite Re filed its Complaint on June 11, 2024. (Doc. 1). On June 18, 2024, summonses were issued. (Docs. 4, 7, 8). Granite Re filed proof of service as to DeLeers Solutions and Philip DeLeers on or about July 8, 2024, and as to Janet DeLeers on or about September 9, 2024. (Docs. 9, 10, 13). Defendants have failed to appear in this matter. On December 4, 2024, the Clerk of Court entered default against each of the Defendants. (Docs. 16, 17, 18). On December 17, 2024, Granite Re moved for entry of a default judgment by the Court.

//

## **DISCUSSION**

A district court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court considering whether default judgment is appropriate should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits." *State Farm Mut. Auto. Ins. Co. v. Croft*, No. CV 19-41-M-DWM, 2019 WL 6311136, at *1 (D. Mont. Nov. 25, 2019) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). The court accepts the factual allegations in the complaint as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The first factor, the possibility of prejudice to the plaintiff, weighs in favor of granting default judgment. Because Defendants have not answered the Complaint nor appeared in this matter, the Court's failure to grant default judgment could preclude Granite Re from recovering the entire amount they are entitled to under the terms of the contract.

The second and third factors inquire into the merits of the claim and the sufficiency of the complaint, *Eitel*, 782 F.2d at 1471, both of which support

entering default judgment. The Complaint is certainly sufficient. It satisfies Rule 8's pleading standards and establishes the Court's jurisdiction. (*See* Doc. 1).

Moreover, the allegations in the Complaint, taken as true, state a meritorious claim for breach of contract. Per the terms of the GAI, Defendants were obligated to indemnify Granite Re against any losses and/or reimburse other expenses, including interest, court costs, and attorney fees. Defendants have breached the terms of the GAI by failing to indemnify or reimburse Granite Re for these costs.

The fourth factor considers the amount of money at stake weighed against the culpability of the defendants' conduct. *Croft*, 2019 WL 6311136, at *3. Granite Re seeks to recover $136,000 for breach of contract, plus the costs and expenses of pursuing this litigation in the amount of $11,120.50 in fees and $749.30 in other costs, including the cost of serving the Summons and the Complaint, for a sum certain total of $147,869.80. (Docs. 15). The amount Granite Re seeks to recover is an amount that Defendants are contractually obligated to pay pursuant to the terms of the GAI. Thus, this factor weighs in favor of entry of default judgment.

The fifth and sixth factors—possible factual disputes and excusable neglect—also favor entering default judgment. Because Defendants did not answer Granite Re's Complaint, no facts are in dispute. *See PepsiCo. Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). And, because

Defendants were properly served between three and five months ago, it is unlikely that Defendants' failure to answer results from excusable neglect.

The final factor, the policy favoring a decision on the merits, generally weighs against entering default judgment. *Eitel*, 782 F.2d at 1472. Yet "the mere existence of [Rule] 55(b)…. indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Defendants' failure to answer makes any other disposition impractical.

Having weighed each of the factors, the Court finds that default judgment is appropriate.

Accordingly, IT IS ORDERED that Granite Re's motion for default judgment (Doc. 19) is GRANTED.

IT IS FURTHER ORDERED that default judgment is entered in favor of Plaintiff Granite Re and against Defendants for the breach of the General Agreement of Indemnity.

IT IS FURTHER ORDERED that Defendants are liable to Granite Re for $136,000.00 for breach of contract, plus the costs and expenses of pursuing this litigation in the amount of $11,120.50 in fees, and $749.30 in other costs, including the cost of serving the Summons and Complaint, for a sum certain total of $147,869.80.

The Clerk is directed to enter judgment by separate document as to Defendants DeLeers Solutions, Inc., Philip DeLeers, and Janet DeLeers.

DATED this 24th day of December, 2024.

Brian Morris
United States District Court Judge